JESSE BAYLES

*v.*

LAWRENCE YOUNG.*

1. CONVEYANCES—*of notice of a prior conveyance.* Where a grantee of lands takes a deed to the same, with notice of a prior conveyance, not then recorded, he is not an innocent purchaser, but takes, subject to all the rights of the grantee under the prior conveyance.

2. And where such grantee, with notice, conveys to another, but subsequent to the recording of the prior conveyance, such subsequent purchaser is chargeable with notice by the record.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. O. L. DAVIS, Judge, presiding.

The opinion fully presents the facts in the case.

Messrs. MOORE & CAULFIELD, for the plaintiff in error.

Messrs. COLER & SMITH, for the defendant in error.

*This, and the case following, submitted at the January term, 1869, were necessarily omitted from their proper place in the reports of that term.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the 10th of March, 1845, one P. S. Loughborough, residing in Kentucky, but owning a large quantity of land in Illinois, sold and conveyed the tract in dispute in this case to Young, the defendant in error. Young neglected to record his deed until December 31st, 1855. Loughborough died in 1852, having by his will left all his property to his mother, Elizabeth Loughborough, in general terms. Before he died he had sold all his Illinois lands, except a tract of two hundred and eighty acres in Vermilion county. On the 2d of June, 1855, his mother, through Joshua F. Speed, the acting executor of the will, sold and conveyed to Gamble, Crawford, Lane and Cassidy, by quit claim deed, for the consideration of one thousand dollars, all her Illinois lands. The deed described all the lands which her son had owned, amounting to over six thousand acres. Gamble made the purchase for himself and his co-grantees. Their deed was recorded June 13th, 1855. Bayles, the appellant and complainant below, holds under them, partly by a direct and partly through an intermediate conveyance; but this is immaterial, as the deed from Loughborough to the appellee, was recorded before any of the grantees of his mother had conveyed. The bill in this case was filed by Bayles, who is in possession, against Young, to have the deed from Loughborough to the latter canceled as an unjust cloud on the title of Bayles. Young answered and also filed a cross bill, and the court decreed in his favor.

After examining the evidence in this record, we can entertain no doubt as to the correctness of this decree. The only question is, whether Gamble, who acted for himself and as agent for his co-grantees in purchasing from Elizabeth Loughborough, had actual notice that P. S. Loughborough had conveyed in his lifetime. The proof on this point is entirely conclusive. Speed, the acting executor, testifies he repeatedly told Gamble that Loughborough had sold during his life all his Illinois lands, though he might have overlooked, in the large

quantity, some small tract, and offered to show him the maps of the lands and the papers in his possession left by Loughborough relating to them. These papers are made exhibits to Speed's deposition, and it appears by them, if Gamble had taken the trouble to examine them, they would have clearly shown the tract in controversy was sold and to whom. The testimony of Ballard is equally positive. He was the law partner of Loughborough, and swears he told Gamble that Loughborough had sold all his Illinois lands, and advised him not to make the purchase. But Gamble was entirely indifferent to this information, as he had an offer for the 240 acres in Vermilion county, of the same sum he was to pay Mrs. Loughborough, and therefore incurred no risk. The information received by him from Speed and Ballard, and the still more definite information offered to him through the papers of Loughborough and declined, take from him all claim to be regarded as an innocent purchaser. The insignificance of the consideration compared with the quantity of land described in the deed, confirms the statements of these witnesses as to the character of the transaction.

Gamble must be charged with actual notice, and this disposes of the case, for before Gamble and his co-grantees conveyed, the deed from Loughborough to Young was recorded. This was notice to subsequent purchasers from Gamble. No person holds under Mrs. Loughborough who did not have either actual or constructive notice of the conveyance to Young.

*Decree affirmed.*